GEORGE T. MAHONEY *et al.*, Executors, *vs.* MARGARET HOLT *et al.*

A. bequeathed to several different persons an aggregate of twenty-two hundred shares of common stock, and to B., in trust, " all the rest and residue of the shares of the . . . . common stock owned by me and standing in my name . . . . not otherwise disposed of by me by the foregoing bequests, at the time of my decease." At the date of the will A. owned 3,257 shares of said common stock, but before his death he had disposed of all of said stock excepting 200 shares. At his death his other personal estate, above his indebtedness, was sufficient to pay the value of all the legacies given in the will.

*Held,* that said legacies were not specific, and that the legatees were entitled to the value of the shares respectively bequeathed to them, the valuation to be taken at time of payment to them if within one year from the testator's decease, or, if paid subsequently, to be taken at the end of the year.

BILL IN EQUITY, by executors, for instructions.

*December* 17, 1896. MATTESON, C. J. This is a bill by the executors of the will of John F. Holt, late of Woonsocket, deceased, for instruction as to the payment of certain legacies of the common stock of the United States Rubber Co., given in the will.

The case is as follows : On May 17, 1894, the testator was the owner of 3,257 shares of the common stock of the United States Rubber Co. On that date he made his will, by which he bequeathed 2,200 shares of this stock to several different

persons, using in each bequest the following language : "I give and bequeath to . . . . . shares of the common stock of the United States Rubber Co., now owned by me and standing in my name on the books of said company." The first in order of these bequests was to Mary A. B. McElroy, wife of William B. McElroy, and was for two hundred shares. After making these bequests, aggregating 2,200 shares of the stock, he bequeathed to the Rhode Island Hospital Trust Co., in trust for the benefit of his wife Margaret Holt, for life, and after her death for the benefit of his daughters Clara F. Holt and Sarah A. Holt, "all the rest and residue of the shares of the . . . . . common stock of the United States Rubber Co., owned by me and standing in my name upon the books of said company, not otherwise disposed of by me by the foregoing bequests, at the time of my decease."

The testator died February 17, 1896. There were then belonging to him and standing in his name on the books of the United States Rubber Co. two hundred shares of the common stock of that company, the remainder of 3257 shares having been sold and disposed of by him subsequently to the execution of the will. At his decease his personal estate other than the stock in the United States Rubber Co., consisted of money in different banks, credits on the books of the Woonsocket Rubber Co., certificates of stock and promissory notes secured by mortgage, and these were sufficient to pay the value of all the legacies given in the will after payment of the testator's indebtedness.

The executors ask the instruction of the court as to the manner in which they shall treat the legacies of common stock of the United States Rubber Co.

It is contended in behalf of the respondents, Margaret Holt, Clara F. Holt and Sarah A. Holt, that these legacies of the common stock are specific, and hence in so far as the stock was sold by the testator are to be regarded as adeemed ; that as there remained but two hundred shares of the stock at the testator's decease, these legacies should abate proportionally, and the two hundred shares should be distributed by the executors among the legatees of the common stock,

exclusive of the Rhode Island Hospital Trust Co., in proportion to the shares bequeathed to them respectively.

We do not think that the legacies of the common stock can be considered as specific. The language by which they are given is: "shares of the common stock of the United States Rubber Co. now owned by me and standing in my name on the books of said company." The only words which tend to distinguish or identify the shares are the words "now owned by me and standing in my name on the books of said company;" but these are wholly insufficient to distinguish or identify the shares given by any particular bequest from any other of the 3,257 shares owned by the testator and standing in his name on the books of the company at the date of the execution of his will. *Bothamley* v. *Sherson*, L. R. 20 Eq. Cas. 304.

Gen. Laws R. I. cap. 203, § 6, provides that unless a contrary intention shall expressly appear by the will, it shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been made immediately before the death of the testator. If, in obedience to this statute, the will is to be construed to speak and take effect as to the personal estate comprised in it as if it had been executed immediately before the testator's death, the case is one in which the testator has bequeathed to various persons shares of stock aggregating a much larger number than he possessed, and the case comes within the decision in *Pierce* v. *Billings*, 10 R. I. 102. In that case the testator bequeathed certain legacies purporting to be legacies of bank stock, aggregating more stock in some banks than he possessed. It was held that the legacies should be regarded as pecuniary legacies, the amount of which was to be ascertained by reference to the value of the stocks in which they were expressed, and that the valuation should be taken at the time of payment if within a year after the decease of the testator, and, if subsequently, at a valuation to be taken at the expiration of one year after the testator's decease.

We do not see that the present case is distinguishable from *Pierce* v. *Billings;* and we accordingly instruct the executors,

that it will be their duty to pay to the legatees of the common stock of the United States Rubber Co. the value of the shares of that stock bequeathed to them respectively, the valuation to be taken at the time of payment if made within a year after the testator's decease, and if made subsequently to be taken at the expiration of one year from the testator's decease, at which time the legatees will become entitled to the legacies.

*Richard B. Comstock & Rathbone Gardner,* for executors.

*James Tillinghast, William R. Tillinghast, Theodore F. Tillinghast, John E. Canning & Charles P. Robinson,* for the several respondents.